UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHAEL JOSEPH WHITE, and
MICHAEL BULZONE, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.

CITY OF SUNRISE,
a political subdivision of the State of Florida,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, MICHAEL JOSEPH WHITE, and MICHAEL BULZONE (collectively, hereafter "Plaintiffs"), on behalf of themselves and all similarly situated non-exempt police officers of the City of Sunrise Police Department, who worked private events at the BB&T Center and who were paid for that work by the City of Sunrise, by and through their undersigned attorneys, hereby file this, their Complaint for unpaid overtime against Defendant, CITY OF SUNRISE, ("CITY"), and state the following:

## INTRODUCTION

1. This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiffs by the overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, 207, 216(b) *et seq.*, ("FLSA").

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

**VENUE**

3. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed within Broward County, Florida;

    b. Defendant, CITY, was and continues to be a political subdivision in the State of Florida, Broward County.

**PARTIES**

4. At all times material hereto, Plaintiffs were and continue to be a residents of Broward County, Florida.

5. At all times material hereto, Defendant CITY was, and continues to be, a political subdivision of the State of Florida located at 10770 W. Oakland Park Blvd, Sunrise, Florida, 33351.

6. At all times material hereto, Defendant CITY was, and continues to be, an "employer" within the meaning of the FLSA.

7. At all times material hereto, Plaintiffs were, and continue to be, "employees" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Plaintiffs were, and continue to be, non-exempt hourly employees.

**STATEMENT OF FACTS**

9. Plaintiffs are employed by the Defendant as municipal police officers.

10. From February 2017 and continuing through the present, Plaintiffs were not properly compensated as required by the FLSA because the Defendant failed to pay the Plaintiffs their proper amount of overtime pay (time and one-half) utilizing their regular rates of pay as

mandated by 29 U.S.C. §207(e) and 29 C.F.R. §778.109-110 for certain details worked at the BB&T center for events such as concerts, hockey games, and other non-municipal events taking place at the BB&T Center facility which is located at 1 Panther Parkway, Sunrise, Florida, 33323.

11. Commencing in 1996 when the Arena, which is now known as the BB&T Center was first built, the City and the Arena operators, through continuing Public Resolutions and various contracts and amendments, established that the Defendant was obligated by the Arena operators to provide reasonable and necessary traffic management and security for hockey games and for other non-tenant events . . . "[a]s is reasonable and necessary to provide a smooth and efficient flow of traffic to and from [the Arena] and a reasonable level of security of users of the [Arena]."

12. The security being provided by the City as per the agreement required the City to provide law enforcement officers to work inside the Arena and on the grounds of the Arena.

13. The original contracts were between the City and the Florida Panthers Jockey Club, Ltd., but were then between the City and the Florida Panthers Jockey Club, Ltd.'s successors. From 2016 and continuing to the present, the arena has been operated by Arena Operating Company Ltd.

14. Pursuant to the various contacts, understanding, and resolutions, several members of the police detail that are provided by the City to the Arena are paid directly by the City, and not the third party operator.

15. While the operator of the Arena and/or those who contract with the Arena for sporting events, concerts, and other special events generally does pay and is responsible for the off-duty police officers directly for working the detail, on various occasions, the off-duty police officers are paid directly by the City. On the detail sheets generated for each event at the BB&T Center, it is clear that various members of the police detail are paid for certain events by the third party, while other police officers are paid directly by the City.

16. For those occasions on which the officer is paid directly by the City, the officer is working as an employee of the City, and those hours should be recorded and paid as on-duty pay and not off-duty/detail pay.

17. For those occasions on which the police officers are paid by the City for working the details at the BB&T Center, neither the compensation from the City nor the hours worked at the BB&T Center are included with the regular shift hours worked by the officer.

18. As a result, Plaintiffs, and all similarly situated officers did not receive overtime compensation for those hours worked at the BB&T Center while technically on the clock with the City of Sunrise.

19. Therefore, for each event that each Plaintiff, and all similarly situated officers worked details at BB&T Center and were paid by the City for their work as the City was obligated to do pursuant to their arrangements with the Arena operators, the Plaintiffs were deprived of having these hours included with their regular work hours and were not paid overtime for those additional hours worked at the BB&T Center. Instead, they only received their (reduced/detail pay) straight time pay rate for the time they spent working at the Arena.

20. At no time did the third party private companies require the off-duty officers to provide their tax identification numbers or W9's prior to issuing payment. Further, at no time did these third parties reimburse the City for the monies paid by the City directly to the purported off-duty officers. The Plaintiffs were paid directly from City funds received from taxpayers.

21. At all times material hereto, Plaintiffs were not exempt employees for purposes of the Fair Labor Standards Act.

22. Defendant failed to properly compensate Plaintiffs for all hours worked in excess of forty (40) per week at the rate of time and one-half of their regular rate of pay for each occasion

they worked details at the BB&T Center for which they were paid by the City for that specific time.

23. Defendant has been aware of its non-compliance with the FLSA, but has not done anything to remedy the situation.

24. Defendant's failure to fully compensate Plaintiffs, at time and one-half their regular rate for the hours that they worked in excess of forty (40) per week, is a willful violation of the overtime provisions of the FLSA.

25. Pursuant to 29 U.S.C. § 255(a), Defendant's actions in failing to compensate Plaintiffs for all hours worked in excess of forty (40) hours per week at their regular rate of pay are willful violations of the FLSA, which allows Plaintiffs to commence an action within three (3) years of the cause of action.

26. Plaintiffs have retained the Law Firms of Michael A. Pancier, P.A. and Tonja Haddad, P.A. to represent them in this litigation, and has agreed to pay the firms a reasonable fee for their services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATIONS OF THE FEDERAL OVERTIME STATUTE 29 U.S.C. § 207

27. Plaintiffs reallege and reaver paragraph 1 through 26 of this Complaint as if fully set forth herein.

28. Plaintiffs, in their capacities as police officers, have worked numerous hours of overtime for the Defendant at the BB&T Center over the past three years, but were only paid their regular rate or a reduced straight time hourly rate by the City for their time.

29. Plaintiffs' pay rates in 2017, 2018, and 2019 were $ 33.00 per hour on City paid details. (Though the detail sheets indicate that the rate for the officer is $ 37.00 per hour, the City keeps $ 4.00 of those dollars for the monies it directly pays the officer as if the detail payment had been made by a third party).

30. From February of 2017 and continuing to the present, Plaintiffs worked events for the City at the BB&T Center beyond their regular forty (40) hour work week and were paid a detail rate of $ 33.00 per hour as straight time, rather than at the rate of time and one-half, notwithstanding that they were paid directly by the City (Plaintiff's employer) with taxpayer funds and not from a third party as is routinely done for the majority of off-duty hours. As such, Plaintiffs should have been on the City clock while working these shifts, and their additional hours should have been added to their regular hours worked and should have been figured into each Plaintiff's global overtime compensation by the City.

31. In fact, those detail payments made by the City to the officers are included in the City's W-2 tax forms given to each Plaintiff as "employee compensation" less regular payroll taxes for this amount. Thus, while the officers are in full uniform and are paid by the City directly for their time worked at the BB&T Center as if they were on-duty, the City treated these hours and compensation as if this were "off-duty" pay paid by a separate and independent third party employer; such as when the Arena or another outside contractor using the Arena would pay the cost for off-duty police and fire personnel. Thus, the City-paid compensation for these events is not treated in the same manner as the City paid regular wages for regular on-duty work, and is intentionally excluded from the officers' regular rate calculations and overtime calculations.

32. For the relevant time period of February 2017 and continuing through January 2020, Plaintiff White worked the following City paid detail hours at the BB&T Center above and beyond his regular forty (40) hour workweek:

    a. 2017: 154.00 hours;

    b. 2018: 147.50 hours; and

    c. 2019: 97.75 hours.

33. Because the above hours were paid at the flat rate of $ 33.00 per hour, rather than at the required overtime rate, Plaintiff White is owed the following additional overtime compensation totaling **$ 6,587.63** calculated as follows:

    a. 2017: $ 2,541.00 (154.00 hrs. x $ 33/hr. x .5)

    b. 2018: $ 2,433.75 (147.50 hrs. x $ 33/hr. x .5); and

    c. 2019: $ 1,612.88 (97.75 hrs. x $ 33/hr. x .5).

34. Plaintiff White is also owed an equal amount as liquidated thereby totaling **$13,175.25** ($ 6,587.63 x 2).

35. For the relevant time period of February 2017 and continuing through January 2020, Plaintiff Bulzone worked the following City paid detail hours at the BB&T Center above and beyond their regular forty (40) hour workweek:

    a. 2017: 199.00 hours;

    b. 2018: 179.50 hours; and

    c. 2019: 175.00 hours.

36. Because the above hours were paid at the flat rate of $ 33.00 per hour, rather than at the required overtime rate, Plaintiff Bulzone is owed the following additional overtime compensation totaling **$ 9,132.75** calculated as follows:

a. 2017: $ 3,283.50 (199.00 hrs. x $ 33/hr. x .5);

b. 2018: $ 2,961.75 (179.50 hrs. x $ 33/hr. x .5); and

c. 2019: $ 2,887.50 (175.00 hrs. x $ 33/hr. x .5).

37. Plaintiff Bulzone is also owed an equal amount as liquidated thereby totaling **$18,265.50** ($ 9,132.75 x 2).

38. Plaintiffs are entitled to be paid at the rate of time and one-half the regular rate for the detail hours that they worked on behalf of the Defendant, City, and which was paid by Defendant for those work-weeks each Plaintiff worked in excess of forty (40) hours per week as provided for in the FLSA.

39. The Defendant, CITY, has systemically failed to properly calculate the Plaintiffs' over-time rate of pay for all City paid detail hours at the BB&T Center.

40. Defendant CITY has failed to fully compensate Plaintiffs for all overtime hours worked for the City of Sunrise as required under the FLSA.

41. Defendant CITY knew, and/or showed a reckless disregard, for the maximum hour provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at their regular rate of pay at the statutory rate of time and one-half for the hours that they worked in excess of forty (40) hours per week when it knew or should have known such was, and is, due.

42. Defendant CITY has failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

43. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs have suffered, and will continue to suffer, damages for the additional overtime compensation for the time that they worked in excess of forty (40) hours per week, plus an equal amount as liquidated damages.

44. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiffs, WHITE and BULZONE respectfully request that judgment be entered in their favor against Defendant CITY:

    a.    A Declaration that the conduct complained of herein violates the FLSA;

    b.    Awarding Plaintiff White unpaid overtime in the amount of $ 6,587.63 and an equal amount as liquidated thereby totaling **$ 13,175.25**;

    c.    Awarding Plaintiff Bulzone unpaid overtime in the amount of $9,132.75 and an equal amount as liquidated thereby totaling **$ 18,265.50**;

    d.    Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiffs post judgment interest; and

    f.    Ordering any other and further relief that this Court deems just and proper.

## COUNT II

### COLLECTIVE ACTION FOR OTHER EMPLOYEES SIMILARLY SITUATED UNDER 29 USC § 216 BY ALL PLAINTIFFS AND THOSE SIMILARLY SITUATED AGAINST DEFENDANT CITY OF SUNRISE

45. Plaintiffs realleges and reavers paragraph 1 through 44 of this Complaint as if fully set forth herein.

46. Pursuant to 29 U.S.C. § 216, Plaintiffs are provided with a statutory right to bring this action on behalf of themselves and other employees similarly situated.

47. From 2017 and continuing through the present, it has been the policy of Defendant, CITY, not to pay its police officers who work assignments at the BB&T Center that are paid directly by the City the statutory overtime rate of time and one-half their regular hourly rate.

34. Other employees of the CITY's police department similarly situated to Plaintiffs did not receive overtime compensation at the lawfully required rate of time and one-half their regular rate for all hours worked in excess of forty hours per week.

36. Plaintiffs intend to obtain the names of other employees similarly situated, both current and former, by appropriate discovery proceedings to be taken promptly in this case, and, if necessary, will request leave from the Court to amend their Complaint to set forth the names of such employees.

**WHEREFORE,** Plaintiffs respectfully request on behalf of other employees similarly situated, that judgment be entered in their favor against Defendant, CITY, and that this Court:

a. Awarding other similarly situated employees overtime compensation;

b. Awarding other similarly situated employees liquidated damages in an amount equal to the overtime compensation awarded;

c. Awarding other similarly situated employees reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding other similarly situated employees pre-judgment interest; and;

**e.** Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

**DATED** this 10th day of February, 2020.

Respectfully submitted,

**MICHAEL A. PANCIER, PA**
/s/ Michael A. Pancier, Esq.
Fla. Bar No.: 958484
Co-Counsel for Plaintiffs
9000 Sheridan Street
Suite 93
Pembroke Pines, FL 33024
(954) 862-2217 – TEL
(954) 862-2287 – FAX
mpancier@pancierlaw.com

**TONJA HADDAD, PA**
/s/ Tonja Haddad, Esq.
Fla. Bar No.: 176737
Co-Counsel for Plaintiffs
Advocate Building
315 SE 7th Street, Suite 301
Fort Lauderdale, FL 33301
954-467-1223 – TEL
954-337-3716 - FAX
tonja@tonjahaddad.com
efiling@tonjahaddad.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHAEL JOSEPH WHITE, and
MICHAEL BULZONE, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.

CITY OF SUNRISE
a political subdivision of the State of Florida,

    Defendant.
_____/

## CONSENT TO BECOME A PARTY PLAINTIFF

    I, MICHAEL JOSEPH WHITE, hereby consent to become a party plaintiff in the above-styled action.

Signed: *[signature]*     Dated: 02/05/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

MICHAEL JOSEPH WHITE, and
MICHAEL BULZONE, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.

CITY OF SUNRISE
a political subdivision of the State of Florida,

    Defendant.
_____/

## CONSENT TO BECOME A PARTY PLAINTIFF

    I, MICHAEL BULZONE, hereby consent to become a party plaintiff in the above-styled action.

Signed: *[signature]*  Dated: 1-29-20